[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendants claim they are entitled to judgment on the complaint as a matter of law and move for summary judgment. They contend the plaintiffs cannot prove their charge that the defendants committed legal malpractice by their failing to prosecute a claim against the state for injuries allegedly caused by a defective highway. For the reasons stated below, the motion is denied.
The plaintiffs, who are the administrators of the Estate of Karl Lombardo, Jr., claim the defendant attorneys caused the CT Page 14269 estate to suffer a financial loss when they failed to prosecute a claim against the State of Connecticut. The plaintiffs retained the defendants to pursue a claim on behalf of the estate against the Commissioner of Transportation. The plaintiffs sought to recover damages for the death of Karl Lombardo, Jr., who died in an automobile accident. At the time of the accident, Karl Lombardo, Jr., was stopped on an entrance ramp to the Merritt Parkway waiting for an opportunity to enter the westbound lanes. Another vehicle left the westbound lanes and passed over a grass area and onto the entrance ramp where it struck the Lombardo vehicle. The plaintiffs contend the highway was in a defective condition due to the absence of a metal guide-rail which would have protected drivers waiting to enter the parkway. General Statutes § 13a-144 authorizes a person who is injured by reason of a defective highway to bring a civil suit for damages against the Commissioner of Transportation. A person cannot bring suit under General Statutes § 13a-144 unless notice of the injuries, the cause, and the time and place of occurrence is given to the commissioner within ninety days of the injury. The plaintiffs claim the defendants failed to give the statutory notice to the Commissioner of Transportation and thereby deprived the plaintiffs of their opportunity to recover damages from the state.
Where malpractice "concerns a missed statute of limitations, the plaintiff must establish that the attorney's negligence proximately caused the loss of a valid and collectible claim." 2 R. Mallen J. Smith, Legal Malpractice, sec. 24.14 (1989). Thus, the "failure to prosecute a lawsuit cannot be the proximate cause of a loss if the client did not have a viable cause of action." Id. See also D. Pope, Connecticut Actions and Remedies: 2 Tort Law sec. 38.03 (rev. to 1995).
The defendants argue that the plaintiffs never had a valid cause of action against the state. To impose liability on the state under § 13a-144, the claimant must prove that the defect was the sole proximate cause of the injury. White v. Burns, 213 Conn. 307,336, 567 A.2d 1195 (1990). The defendants have submitted documents showing the other driver was speeding and was intoxicated. They rely on the case of D'Arcy v. Shugrue, 5 Conn. App. 12,496 A.2d 967, cert. denied, 197 Conn. 812, 499 A.2d 56
(1985), for the proposition that the failure of the Commissioner of Transportation to erect a guardrail cannot, as a matter of law, be the sole proximate cause of the decedent's injuries where there is evidence that the negligence of another was also a cause of the injury. CT Page 14270
In D'Arcy, the plaintiff claimed at trial that the failure of the defendant Commissioner of Transportation to provide a metal beam divider was a superseding cause of a cross-over accident so as to the be the sole proximate cause. The plaintiff's theory of liability and the evidence in support of the commissioner's negligence included testimony and a concession that the driver of the cross-over vehicle was negligent. In the present case, the plaintiffs do not concede the other driver was negligent. Instead, they have submitted a report of an expert who opines that the driver of the other vehicle was "proceeding in the range of 60 mph and in a maneuver to the right from the left lane, went into a yaw mode, left the highway on the right, crossed the grass island separating the exit and entrance ramps, and continued until it struck Vehicle No. 1, which was stopped." Here, the plaintiff's theory of liability as to the commissioner is based on the contention the cross-over driver was not negligent. Clearly, the parties differ on the culpability of the other driver. There is a genuine issue of fact on this issue. Accordingly, the motion for summary judgment must be denied.
The motion for summary judgment is denied.
Thim, J.